UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN STOUGHTON, | No. 2:13-cv-01403 AC |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act and supplemental security income ("SSI") under Title XVI of the Act.  The parties' cross motions for summary judgment are pending.  For the reasons discussed below, the Court will grant in part plaintiff's motion for summary judgment, and will deny defendant's cross-motion for summary judgment.

PROCEDURAL BACKGROUND

Plaintiff filed his application for DIB on March 27, 2009, alleging disability beginning on January 15, 2008.  Administrative Record ("AR") 193–95.  Plaintiff's application was denied initially on May 8, 2009 and again upon reconsideration on December 2, 2010.  AR 57–60, 64–68.  On April 26, 2012, a hearing was held before administrative law judge ("ALJ") Carol Buck.

1

1    AR 27–52.  Plaintiff appeared and was represented by attorney Gail Stassinos at the hearing.  Id.

2    Plaintiff and vocational expert David Dettmer testified at the hearing.  Id.  In a decision dated

3    June 4, 2012, the ALJ found plaintiff not disabled.  AR 9–26.

4         The ALJ made the following findings (citations to 20 C.F.R. omitted):

5         1.   The claimant last met the insured status requirements of the
          Social Security Act on December 31, 2008.
6
          2.   The claimant did not engage in substantial gainful activity
7         during the period from his alleged onset date of January 15, 2008
          through his date last insured of December 31, 2008.
8
          3.   Through the date last insured, the claimant had the following
9         severe impairments: obesity, diabetes mellitus with neuropathy of
          the feet, and asthma.
10
          4.   Through the date last insured, the claimant did not have any
11        impairment or combination of impairments that met or medically
          equaled the severity of one of the listed impairments in 20 CFR Part
12        404, Subpart P, Appendix 1.

13        5.   After careful consideration of the entire record, the undersigned
          finds that, through the date last insured, the claimant had the
14        residual functional capacity to perform light work as defined in 20
          CFR 404.1567(b) except: he could have lifted, carried, pushed,
15        and/or pulled 20 pounds occasionally and 10 pounds frequently; he
          could have stood and/or walked for about 6 hours in an 8-hour
16        workday; he could have sat for about 6 hours in an 8-hour workday;
          he could have frequently performed postural activities, except that
17        he could have occasionally climbed ramps, stairs, ladders, ropes,
          and scaffolds; and he should have avoided concentrated exposure to
18        fumes, odors, gases, poor ventilation, and hazards.

19        6.   Through the date last insured, the claimant was capable of
          performing past relevant work as an auto salesperson.  This work
20        did not require the performance of work-related activities precluded
          by the claimant's residual functional capacity.
21
          7.  The claimant was not under a disability, as defined in the Social
22        Security Act, at any time from January 15, 2008, the alleged onset
          date, through December 31, 2008, the date last insured.
23

24   AR 14–21.

25        Plaintiff requested review of the ALJ's decision by the Appeals Council, but it denied

26   review on May 15, 2013, leaving the ALJ's decision as the final decision of the Commissioner of

27   Social Security.  AR 1–6.

28   ////

1   FACTUAL BACKGROUND

2      Born on January 13, 1943, plaintiff was 65 years old on the alleged onset date of disability

3   and 69 years old at the time of the administrative hearing.  AR 27, 193.  Plaintiff did not engage

4   in substantial gainful activity during the period between January 15, 2008 and December 31,

5   2008.  AR 14.  Plaintiff previously worked in auto sales where he was required to work from 9:00

6   am to 9:00 pm.  AR 39.  Plaintiff described the work as "strenuous, both mentally and physically"

7   and explains "out of necessity to eat" he did the work.  Id.

8   LEGAL STANDARDS

9      The Commissioner's decision that a claimant is not disabled will be upheld if the findings

10   of fact are supported by substantial evidence in the record and the proper legal standards were

11   applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000);

12   Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Tackett v. Apfel,

13   180 F.3d 1094, 1097 (9th Cir. 1999).

14      The findings of the Commissioner as to any fact, if supported by substantial evidence, are

15   conclusive.  See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is

16   more than a mere scintilla, but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th

17   Cir. 1996).  "It means such evidence as a reasonable mind might accept as adequate to support a

18   conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v.

19   N.L.R.B., 305 U.S. 197, 229 (1938)).  "While inferences from the record can constitute

20   substantial evidence, only those 'reasonably drawn from the record' will suffice."  Widmark v.

21   Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

22      Although this court cannot substitute its discretion for that of the Commissioner, the court

23   nonetheless must review the record as a whole, "weighing both the evidence that supports and the

24   evidence that detracts from the [Commissioner's] conclusion."  Desrosiers v. Sec' y of Health and

25   Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also Jones v. Heckler, 760 F.2d 993, 995 (9th

26   Cir. 1985).

27      "The ALJ is responsible for determining credibility, resolving conflicts in medical

28   testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001)

1    (citations omitted).  "Where the evidence is susceptible to more than one rational interpretation,

2    one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  Thomas v.

3    Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons

4    stated by the ALJ in her decision "and may not affirm the ALJ on a ground upon which [s]he did

5    not rely."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); see also Connett v. Barnhart, 340

6    F.3d 871, 874 (9th Cir. 2003).

7           The Court will not reverse the Commissioner's decision if it is based on harmless error,

8    which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the

9    ultimate nondisability determination.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.

10   2006) (quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v.

11   Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

12                              ANALYSIS OF OPINION EVIDENCE

13          Plaintiff seeks summary judgment on the grounds that (1) the ALJ failed to utilize the

14   services of a medical advisor to establish the onset date; (2) the ALJ failed to evaluate plaintiff's

15   pre-date last insured veteran's administration disability ratings; (3) the ALJ failed to credit the

16   opinions of plaintiff's treating physicians; (4) the ALJ failed to credit plaintiff's testimony and

17   third party statements regarding his functional limitations as of his date last insured without

18   legitimate reasons for doing so; and (5) plaintiff was not capable of performing past relevant work

19   and the Medical-Vocational Guidelines directed a finding of disabled.  ECF No. 14 at 14–15.  The

20   Commissioner counters, arguing the ALJ's decision is supported by substantial evidence and is

21   free from legal error.  ECF No. 17.

22          As treating physicians, the opinions of primary care physicians Richard Axelrod, M.D.

23   and Craig Ruggles, M.D., would ordinarily be accorded controlling weight.  However, the ALJ

24   refused to grant the opinions such weight and instead favored the opinion of Janice Kando, M.D.,

25   a reviewing physician who prepared a report in May 2009.  AR 691–98.  While the ALJ asserted

26   reasons for according "little" weight, instead of "substantial" or "great" weight to the opinions of

27   Drs Axelrod and Ruggles, the Court finds that the ALJ erred for the reasons discussed below.

28   ////

1  A.      Legal Standards

2        In the Ninth Circuit, courts "distinguish among the opinions of three types of physicians:

3  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the

4  claimant (examining physicians); and (3) those who neither examine nor treat the claimant

5  (nonexamining physicians)." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Generally, more

6  weight should be given to a treating physician's opinion than to those who do not treat the

7  claimant.  Id.  A treating physician's opinion that is given controlling weight "must be adopted."

8  See Social Security Ruling ("SSR") 99–2p ("Giving Controlling Weight to Treating Source

9  Medical Opinions," at ¶ 6).[1]  To accord a treating physician's opinion controlling weight, the

10  opinion must be (1) "well-supported by medically acceptable clinical and laboratory diagnostic

11  techniques;" and (2) "'not inconsistent' with the other substantial evidence in the case record."

12  See Orn, 495 F.3d at 631.  "Not inconsistent" means that "no other substantial evidence in the

13  case record . . . contradicts or conflicts with the opinion;" "substantial evidence" means "more

14  than a mere scintilla" such that a "reasonable mind would accept as adequate to support a

15  conclusion."  SSR 96–7p (Explanation of Terms).

16        "If a treating doctor's opinion is not contradicted by another doctor (i.e., there are no other

17  opinions from examining or nonexamining sources), it may be rejected only for 'clear and

18  convincing' reasons supported by substantial evidence in the record."  See Ryan v. Comm'r of

19  Soc. Sec. Admin., 528 F.3d 1194, 1198 (9th Cir. 2008); Lester, 81 F.3d at 830.  "If the ALJ

20  rejects a treating or examining physician's opinion that is contradicted by another doctor, he must

21  provide specific, legitimate reasons based on substantial evidence in the record."  Valentine v.

22  Comm'r of Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009); Ryan, 528 F.3d at 1198.  "The

23  ALJ can meet this burden by setting out a detailed and thorough summary of the facts and

24  conflicting clinical evidence, stating his interpretation thereof, and making findings."  Magallanes

25  v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).  Furthermore, "[w]hen an examining physician

26

27  [1] "SSRs do not carry the 'force of law,' but they are binding on ALJs nonetheless."  Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009).  The Ninth Circuit gives them deference so long as they do not produce "a result inconsistent with the statute and regulations."

28  Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991).

1    relies on the same clinical findings as a treating physician, but differs only in his or her

2    conclusions, the conclusions of the examining physician are not 'substantial evidence.'" Orn, 495

3    F.3d at 632.

4         Treating physicians' subjective judgments are important, and "properly play a part in their

5    medical evaluations." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).  "The ALJ must

6    explain his own interpretations, and cannot merely list contrary opinions when stating that a

7    treating physician's opinion is unsupported." Boardman v. Astrue, 286 F. App'x 397, 399–400

8    (9th Cir. 2008) (citing Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294 (9th Cir.

9    1999)).  If the ALJ fails to provide adequate reasons for rejecting a treating or examining

10   physician's opinion, the Ninth Circuit credits the opinion as a matter of law. Benecke v.

11   Barnhart, 379 F.3d 587, 594 (9th Cir. 2004).

12        "If there is substantial evidence in the record contradicting the opinion of the treating

13   physician, the opinion of the treating physician is no longer entitled to 'controlling weight.'" Orn

14   v. Astrue, 495 F.3d 625, 632-33 (9th Cir. 2007) (citing 20 C.F.R. § 404.1527(c)(2)).  However,

15   the ALJ must still consider the factors listed in § 404.1527(c)(2)-(6) in determining what weight

16   to accord the opinion of a treating physician.  "Even when contradicted by an opinion of an

17   examining physician that constitutes substantial evidence, the treating physician's opinion is 'still

18   entitled to deference.'" Id. (citing S.S.R. 96–2p at 4, 61 Fed. Reg. at 34,491).  "In many cases, a

19   treating source's medical opinion will be entitled to the greatest weight and should be adopted,

20   even if it does not meet the test for controlling weight." S.S.R. 96–2p at 4, 61 Fed. Reg. at 34,

21   491.

22   B.    Richard Axelrod, M.D., Treating Physician

23        Cardiologist Dr. Axelrod saw plaintiff on January 13, 2011 for a consultation when he

24   moved to California from New Mexico. AR 787.  He referred plaintiff to Dr. Wolff for a

25   consultation regarding his cardiac diagnosis. Id.  Dr. Axelrod saw plaintiff for a follow-up office

26   visit on April 2, 2011. Id.  Plaintiff also saw Dr. Wolff on June 2, 2011. Id.  Plaintiff saw Dr.

27   Axelrod on October 24, 2011 for a follow-up visit.  Dr. Axelrod's October 24, 2011 treatment

28   notes indicate, *inter alia*, plaintiff's asthma is "mild persistent."  AR 790.

1    Dr. Axelrod prepared a cardiac residual functional capacity questionnaire on February 8,

2    2012.  AR 986.  Dr. Axelrod indicated that he saw plaintiff every three to six months.  Id.  He

3    identified plaintiff's symptoms as shortness of breath and fatigue.  Id.  The questionnaire states

4    that plaintiff is capable of low stress jobs and plaintiff's experience of cardiac symptoms are

5    severe enough to interfere with attention and concentration needed to perform even simple work

6    tasks on an occasional basis.  AR 987.  Dr. Axelrod indicated that plaintiff's impairments lasted

7    or can be expected to last at least twelve months.  Id.  Plaintiff could walk only four city blocks

8    without rest or severe pain and can only sit or stand/walk for about two hours.  Id.  The

9    questionnaire indicates that plaintiff will need to take unscheduled breaks during an eight-hour

10   period and will need to shift positions at will from sitting, standing or walking.  Id.  Dr. Axelrod

11   states that plaintiff should never lift ten to fifty pounds and plaintiff should rarely twist, stoop or

12   crouch.  Id.  Plaintiff should also never climb ladders or stairs.  Id.  Finally, plaintiff should avoid

13   exposure to a number of environmental conditions such as extreme temperatures and chemicals,

14   plaintiff's impairments will likely produce "good days" and "bad days," and plaintiff will miss

15   more than four days per month as a result of his impairments or treatment.  AR 989.

16   C.    Craig Ruggles, M.D., Treating Physician

17   Dr. Ruggles treats plaintiff's asthma and diabetes symptoms.  Dr. Ruggles began treating

18   plaintiff when he moved to California from New Mexico on November 19, 2010.  AR 801.  Dr.

19   Ruggles' notes from that visit state that plaintiff has diabetes mellitus and hypertension.  Id.  Dr.

20   Ruggles saw plaintiff for an office visit on February 9, 2011 regarding plaintiff's left should pain

21   due to a rotator cuff injury.  AR 798.  Dr. Ruggles treated plaintiff on July 8, 2011 for a sore

22   throat, medication reconciliation and health maintenance.  AR 793.  Dr. Ruggles' treatment notes

23   indicate a past history of asthma and diabetes; and describe plaintiff's asthma as "mild

24   persistent."  AR 795.

25   On January 27, 2012, Dr. Ruggles prepared a medical source statement regarding

26   plaintiff's physical limitations.  AR 984.  Therein, Dr. Ruggles indicates that lifting, carrying,

27   standing and walking are affected by plaintiff's impairments, plaintiff cannot lift or carry

28   occasionally and plaintiff can stand or walk for one hour in an eight-hour day for thirty minutes

1    without interruption.  Id.  Dr. Ruggles indicates that sedentary work is impaired by plaintiff's

2    impairment and that he can sit for one hour without interruption or changing positions.  Id.

3    Plaintiff can bend, climb, balance, stoop or crouch occasionally and can never kneel or crawl.  Id.

4    Plaintiff can occasionally handle, feel, flex his neck/head forward or tilt his head back and can

5    never reach or push/pull.  Id.  Plaintiff has environmental restrictions including noise and fumes

6    and plaintiff needs extra rest periods every half hour for fifteen minutes.  Id.  Dr. Ruggles'

7    statement indicates that plaintiff has a neuro-anatomic distribution of pain and his reports of

8    pain/fatigue are consistent with his condition.  AR 985.  Finally, Dr. Ruggles indicates that

9    plaintiff's symptoms are likely severe enough to interfere with attention and concentration needed

10   to perform even simple repetitive tasks more than fifty percent of the time, plaintiff's impairments

11   will likely produce "good days" and "bad days," and plaintiff will miss about four days of work

12   per month.  Id.

13          On February 23, 2012, Dr. Ruggles prepared a diabetes mellitus residual functional

14   capacity questionnaire.  AR 990.  Dr. Ruggles found plaintiff's symptoms included fatigue,

15   difficulty walking and loss of manual dexterity.  The questionnaire states plaintiff's symptoms are

16   occasionally severe enough to interfere with attention and concentration needed to perform even

17   simple work tasks and moderate stress is okay.  AR 991.  Plaintiff can sit for two hours at a time

18   and stand for thirty minutes at a time.  Id.  Plaintiff cannot sit or stand/walk for less than two

19   hours and needs to include periods of walking around during an eight-hour work day every thirty

20   minutes for ten minute periods.  AR 991–92.  Plaintiff needs a job that permits shifting positions

21   at will and will need to take unscheduled breaks for fifteen minutes four to five times during the

22   work day.  AR 992.  Dr. Ruggles found plaintiff can never lift more than ten pounds, twist or

23   climb ladders and can rarely stoop and occasionally climb stairs.  Id.  Plaintiff must avoid

24   environmental exposures including fumes, odors and gases.  AR 993.  Finally, plaintiff's

25   impairments will produce "good days" and "bad days" and plaintiff will miss more than four days

26   per month as a result of his impairments or treatment.  Id.

27   D.     Analysis

28          The ALJ decided to afford Drs. Axelrod and Ruggles' 2012 opinions regarding plaintiff's

1   physical impairments "little" weight and reasoned as follows:

2   
3   
4   
5   
> Although Drs. Ruggles and Axelrod are treating physicians, more weight is given to Dr. Kando's reviewing-source opinions for multiple reasons.  First, Dr. Ruggles and Axelrod provided no significant basis for their opinions other than merely reciting the claimant's diagnoses.  In Fact, Dr. Axelrod gave the claimant a "good" prognosis in the face of these sedentary restrictions. . . .

6   
7   
8   
9   
> Second, Drs. Ruggles and Axelrod's opinions are inconsistent with findings noted in their own authored treatment notes.  For example, on July 8, 2011, Dr. Ruggles stated that the claimant's asthma is merely "mild." . . . Dr. Axelrod similarly stated that the claimant's asthma is "mild." . . . Drs. Ruggles and Axelrod's physical examination notes also show few significant findings that would support such restrictive sedentary limitations. . . .

10  
11  
12  
13  
> Finally, Drs. Ruggles and Axelrod's opinions concern the claimant's more recent functioning rather than his functioning prior to December 31, 2008, the date he was last insured for Title II benefits.  This is no more evident than in Drs. Ruggles and Axelrod finding lifting, carrying, and manipulation limitations when the claimant's back and shoulder impairments were medically determined over three years after the claimant was last insured. . . .

14  
> Thus, Drs. Rugges and Axelrod's opinions are given little weight.

15   AR 19–20.

16   The ALJ also states "Dr. Kando's opinion is given significant weight because it is

17   consistent with the discussed clinical indications that show that [plaintiff's] condition was well

18   controlled prior to December 31, 2008."  AR 18.

19   First, the ALJ's assertion that Drs. Axelrod and Ruggles' opinions should not be afforded

20   controlling weight because plaintiff's symptoms were well controlled prior to December 31,

21   2008, see AR 18, is not supported by substantial evidence.  In determining whether a claimant is

22   disabled, the Commissioner must evaluate the claimant's "ability to work on a sustained basis."

23   20 C.F.R. § 404.1512(a).  "Occasional symptom-free periods—and even the sporadic ability to

24   work—are not inconsistent with disability."  Lester, 81 F.3d at 833.  Further, if the ALJ decides

25   not to afford the treating physician's opinion controlling weight he must "set[] out a detailed and

26   thorough summary of the facts and conflicting clinical evidence, stat[e] his interpretation thereof,

27   and mak[e] findings."  Magallanes, 881 F.2d at 751 (internal quotation marks and citation

28   omitted).  The ALJ does not explain in detail what clinical evidence he is relying on to determine

9

1    that plaintiff's physical impairments were well controlled.

2           Furthermore, although there is some evidence in the record that plaintiff has had

3    symptom-free periods, that evidence does not undermine Drs. Ruggles and Axelrod's opinions.

4    For example, the ALJ notes that plaintiff's asthma and diabetes mellitus "were recognized as well

5    controlled in March 31, 2010." AR 18.  However, the fact that plaintiff has occasional symptom-

6    free periods is not substantial evidence supporting the ALJ's refusal to give Drs. Ruggles and

7    Axelrod's opinions controlling weight.  Moreover, the ALJ's reasoning is not supported by

8    medical evaluations prepared prior to December 31, 2008, which do not find plaintiff's conditions

9    were "well controlled."  See, e.g., AR 485–86 (February 8, 2008 evaluation by Dr. Torres noting

10   plaintiff's type 2 diabetes is uncontrolled and plaintiff complained of sharp chest pain lasting

11   from one to two seconds); AR 632–35 (March 17, 2008 examination noting plaintiff has poor

12   control over his diabetes); AR 516–18 (April 16, 2008 evaluation by Dr. Pai noting plaintiff's

13   type 2 diabetes and hypertension are uncontrolled); AR 498 (October 17, 2008 notation by Dr.

14   Torres indicating diabetes is "almost at goal").  Accordingly, the ALJ erred in determining that

15   Drs. Ruggles and Axelrod's opinions should not be afforded controlling weight because

16   plaintiff's physical impairments were controlled at certain times.

17          Second, the ALJ's finding that Drs. Ruggles and Axelrod's opinions are inconsistent with

18   their treatment notes is also not supported by a detailed and thorough summary of the facts.  The

19   ALJ points to only four pages of treatment notes that state plaintiff's symptoms are "controlled."

20   Such findings, in the context of the record as a whole, do not contradict Drs. Ruggles and

21   Axelrod's opinions.  The ALJ's finding ignores other treatment notes that support Drs. Ruggles

22   and Axelrod's opinions.  For example, the ALJ states Drs. Ruggles and Axelrod's examination

23   notes show few significant findings that support restrictive sedentary limitations.  AR 19.

24   However, a July 26, 2011 evaluation sent to Dr. Ruggles notes that plaintiff has numbing and

25   tingliness in his feet and was seen for podiatric care while living in New Mexico.  AR 1030.

26          Finally, while the ALJ states Drs. Ruggles and Axelrod "merely recit[e] [plaintiff's]

27   diagnoses," AR 19, the ALJ points to no evidence of actual impropriety on the part of Dr.

28   Ruggles or Dr. Axelrod.  See Lester, 81 F.3d at 832 (quoting Ratto v. Sec'y, Dept. of Health and

1    Human Servs., 839 F. Supp. 1415, 1426 (D. Or. 1993)) ("The Secretary may not assume that

2    doctors routinely lie in order to help their patients collect disability benefits."); see also Nguyen v.

3    Chater, 100 F.3d 1462, 1465 (9th Cir. 1996) (citing Saelee v. Chater, 94 F.3d 520, 523 (9th Cir.

4    1996)) (the source of report is a factor that justifies rejection only if there is evidence of actual

5    impropriety or no medical basis for opinion).  The record contains no evidence that Drs. Ruggles

6    or Axelrod embellished their assessments of plaintiff's limitations to assist him with his benefits

7    claim.  See Reddick, 157 F.3d at 725–26 (ALJ erred in assuming that the treating physician's

8    opinion was less credible because his job was to be supportive of the patient); Stanley v. Astrue,

9    No. CIV S–10–0563 EFB, 2011 WL 4565873, at *7 (E.D. Cal. Sept. 29, 2011) (finding that "the

10   ALJ's assertion that the treating physicians based their diagnoses on plaintiff's subjective remarks

11   and medical history is not a 'clear and convincing' reason for rejecting their opinions").  Thus,

12   the ALJ erred in rejecting Drs. Ruggles and Axelrod's opinions on grounds that their opinion was

13   based upon plaintiff's diagnoses instead of sound medical judgment.

14        For these reasons, the Court finds that the ALJ has failed to provide specific, legitimate

15   reasons supported by substantial evidence for discounting Drs. Ruggles and Axelrod's opinions

16   regarding plaintiff's physical impairments.  In light of this error, the Court declines to reach

17   plaintiff's remaining arguments, which include plaintiff's argument that the ALJ erred by finding

18   plaintiff's testimony to be less than credible.  However, the ALJ should assess plaintiff's

19   credibility on remand in accordance with the Ninth Circuit's test as described in Lingenfelter v.

20   Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007).  Further, the ALJ is instructed to assess the treating

21   physician's opinion in accordance with the factors stated in 20 C.F.R. § 404.1527(c)(2)–(6).

22   Because the ALJ's disability determination is not supported by substantial evidence, it is

23   erroneous.

24   E.      Remand

25        Plaintiff requests that the decision of the ALJ be vacated and his case be remanded for a

26   new hearing.  The decision whether to remand for further proceedings turns upon the likely utility

27   of such proceedings.  Barman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000).  In this matter, this

28   Court concludes that outstanding issues remain that must be resolved before a determination of

1   disability can be made.  Pursuant to this remand, the ALJ shall properly consider the opinions of

2   plaintiff's treating physician and re-evaluate plaintiff's residual functional capacity and disability

3   determination accordingly.  Because remand is appropriate on these grounds, the Court declines

4   to consider plaintiff's remaining arguments.

5          Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

6          1.      Plaintiff's motion for summary judgment, ECF No. 14,  is granted in part;

7          2.      The Commissioner's cross-motion for summary judgment, ECF No. 17,  is denied;

8   and

9          3.      This matter is remanded for further proceedings consistent with this order.

10  DATED: September 29, 2014

11                                          _____
                                            ALLISON CLAIRE
12                                          UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28